UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROOSEVELT T. WILLIAMS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 11-cv-5300-RBL-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

NOTING DATE: May 18, 2012

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (see ECF Nos. 16, 17, 18).

The ALJ erred by relying on one aspect of an examining doctor's opinion while failing to discuss other significant probative evidence from the same doctor. The ALJ also failed to provide a germane reason for failing to credit fully the lay opinion evidence

and erred in her review of plaintiff's credibility and testimony. Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

BACKGROUND

Plaintiff, ROOSEVELT T. WILLIAMS, was forty-one years old on his amended alleged disability onset date of March 26, 2008 (see Tr. 25, 135). He received special education in school from eighth grade through eleventh grade (see Tr. 46). Plaintiff received his ("GED") (Tr. 25, 33) and has work experience as a maintenance cleaner (Tr. 20, 47, 64). Plaintiff's treatment records indicate that he had "never had a job last more than a week or two except for one job that lasted almost a year" (Tr. 343).

PROCEDURAL HISTORY

Plaintiff protectively filed an application for Supplemental Security Income ("SSI") on March 26, 2008 (Tr. 12, 25, 135-39). His application was denied initially and following reconsideration (Tr. 75-78, 82-83). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on January 13, 2010 (Tr. 22-72). On May 27, 2010, the ALJ issued a written decision in which she found that plaintiff was not disabled pursuant to the Social Security Act (Tr. 9-21).

On February 10, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). See 20 C.F.R. § 404.981. In April, 2011, plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision (see ECF Nos. 1, 5). On August 22, 2011, defendant filed the sealed administrative record ("Tr.") in this matter

(see ECF Nos. 11, 12). In his Opening Brief, plaintiff alleges that the ALJ failed to evaluate properly: (1) the medical evidence; (2) plaintiff's testimony and credibility; (3) the lay evidence; and, (4) plaintiff's residual functional capacity ("RFC") (see ECF No. 16, p. 2). Plaintiff also contends: (5) that the ALJ erred by basing her step five finding on an incorrect RFC; and that (6) defendant erred by failing to remand plaintiff's claim on the basis of new evidence submitted to the Appeals Council (id.).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir.

1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* Andrews, supra, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Molina v. Astrue, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the

ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, supra, 454 F.3d at 1054 (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. Molina, supra, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; see also 28 U.S.C. § 2111; Shinsheki v. Sanders, 556 U.S. 396, 407 (2009); Stout, supra, 454 F.3d at 1054-55.

## DISCUSSION

1. The ALJ failed to evaluate properly the medical evidence provided by Dr. Richard W. Washburn, Ph.D. ("Dr. Washburn").

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, supra, 157 F.3d at 725 (*citing* Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. Reddick, supra, 157 F.3d at 725 (*citing* Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). However, the ALJ "need not discuss *all* evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. Lester, supra, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing* Magallanes, supra, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831); see also 20 C.F.R. § 404.1527(d)(2)(i) (when considering medical opinion evidence, the Commissioner will consider the length and extent of the treatment relationship). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." Sousa v.

Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing* Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996); Andrews, supra, 53 F.3d at 1041).

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Plaintiff contends that the ALJ erred in his review of the medical evidence in Dr. Washburn's treatment report because the ALJ gave Dr. Washburn's opinions "significant weight" yet failed to mention that Dr. Washburn only had been provided with plaintiff's records from Greater Lakes Mental Health from May, 2008 through August, 2008 (see Tr. 342), and failed to mention Dr. Washburn's opinion that plaintiff "may or may not have one or more real disabling conditions but the dominant presence of his personality disorders coupled with extremely limited background information makes further determinations difficult if not impossible" (see Tr. 348). Defendant admits that the ALJ erred by failing to discuss this opinion by Dr. Washburn, but contends that the error was harmless because "the ALJ stated in her decision that '[f]urther, the motivational issues implicated in Dr. Washburn's assessment cast significant doubt on the extent to which the claimant has actually been limited by mental symptoms (internal citation to Exhibit 14F)" (see Response, ECF No. 17, p. 8). The Court is not convinced by defendant's argument.

The fact that the ALJ finds another aspect of Dr. Washburn's report to be supportive of her ultimate determination regarding plaintiff's disability does not make harmless the ALJ's failure to discuss significant probative evidence in Dr. Washburn's

report to the contrary. See Vincent, supra, 739 F.2d at 1394-95 (*quoting* Cotter, supra, 642 F.2d at 706-07) (the ALJ must explain why "significant probative evidence has been rejected").

Here, the ALJ gave "significant weight" to Dr. Washburn's opinions, but Dr. Washburn admits that he did not review plaintiff's complete medical record and furthermore opined, in part due to his possession of only "extremely limited background information," that he was not able to determine whether or not plaintiff had "one or more real disabling conditions." He concludes that the "extremely limited background information makes further determinations difficult if not impossible" (Tr. 348).

The ALJ did not provide any reason to discount Dr. Washburn's opinion that the record was inadequate, in the context of plaintiff's personality disorders (see id.). The ALJ also failed to develop the record further, such as by receiving an updated opinion from Dr. Washburn after providing him with the complete medical record of plaintiff. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, supra, 242 F.3d at 1150. This is not harmless error, as the ALJ relied on Dr. Washburn's opinion in order to find that plaintiff was not disabled. In addition, the ALJ relied on Dr. Washburn's opinion, in part, in order to discount the opinions regarding plaintiff's functional limitations as opined by the state agency medical consultants (see Tr. 19).

The Court also notes that the ALJ relied on Dr. Washburn's opinion in order to find that plaintiff's alleged bipolar disorder was not a medically determinable impairment (see Tr. 14-15). The ALJ relied on Dr. Washburn's indication that even though plaintiff had been diagnosed with bipolar disorder, that there was "no information in materials

available to support this diagnosis" (see id.; see also Tr. 348). However, the fact that there was no information in the limited materials provided to Dr. Washburn to support the diagnosis does not mean necessarily that no such corroborating information existed within the record. Dr. Washburn specifically indicated in this context that the "materials cover a relatively short period of time and do mention symptoms of depression anxiety" (Tr. 348). The ALJ did not mention the limited record provided to Dr. Washburn before relying on Dr. Washburn's assessment that there was "no information in materials available to support" plaintiff's diagnosis of bipolar disorder (Tr. 348).

The ALJ cited plaintiff's treatment record from April 30, 2008, and indicated that plaintiff was able to stay focused and was getting ready to attend school (Tr. 17 (*citing* Exhibit 8F.22, i.e., Tr. 279). The ALJ also indicated that after plaintiff started school, plaintiff did not appear overwhelmed (id.). However, although the ALJ indicated that plaintiff did not demonstrate significant worsening, the ALJ failed to mention evidence from the report of Dr. Washburn that plaintiff's grade point average went down after he stopped going to counseling and that plaintiff was "now on academic probation" (Tr. 344). Instead, the ALJ noted plaintiff's 3.8 grade point average for one quarter and passing grades for other quarters (see Tr. 18).

For the reasons stated and based on the relevant record, the Court concludes that the ALJ failed to evaluate properly the medical evidence. See Vincent, supra, 739 F.2d at 1394-95; Cotter, supra, 642 F.2d at 706-07; see also Mayes, 276 F.3d at 459-60; Tonapetyan, supra, 242 F.3d at 1150. Therefore, this matter should be reversed and

remanded for further administrative proceedings. Following remand, the ALJ should take any actions necessary to develop the record as appropriate.

   2. The ALJ failed to evaluate properly the lay evidence.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," see 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," see 20 C.F.R. § 404.1513 (d)(4), and "other sources" such as nurse practitioners and chiropractors, who are considered other medical sources, see 20 C.F.R. § 404.1513 (d)(1). See also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." Turner, supra, 613 F.3d at 1224 (*citing* Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Testimony from "other non-medical sources," such as friends and family members, see 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. Valentine v. Comm'r SSA, 574 F.3d 685, 694 (9th Cir. 2009).

In addition, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error

harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, supra, 454 F.3d at 1056 (reviewing cases). However, the Court will not reverse a decision by an ALJ in which the errors are harmless and do not affect the ultimate decision regarding disability. See Molina, supra, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; see also 28 U.S.C. § 2111; Shinsheki v. Sanders, 556 U.S. 396, 407 (2009).

The ALJ here failed to credit fully the lay opinion testimony by Ms. Wanda Warren, plaintiff's sister ("Ms. Warren"), yet failed to provide any reason to discount this lay opinion testimony. The ALJ indicated that Ms. Warren's "comments are accounted for to some degree in finding that the claimant can perform unskilled work with limited social functioning" (see Tr. 19). The ALJ provided no reason for the degree to which Ms. Warren's opinions were not accounted for, and therefore failed to provide germane reasons for her discounting of Ms. Warren's opinions. See Turner, supra, 613 F.3d at 1224; see also Lewis, supra, 236 F.3d at 511.

The Court also notes that Ms. Warren's opinions that plaintiff needed to be reminded to complete tasks and that he became overwhelmed very easily are consistent with the opinions from the state agency medical consultants, which were rejected by the ALJ, that plaintiff's lapses of attention, concentration, pace and punctuality "advise that tasks not time-pressured should be assigned" (see Tr. 19, 187, 190, 191, 256).

For the reasons stated and based on the relevant record, the Court finds that the error in reviewing the lay testimony is not harmless. See Stout, supra, 454 F.3d at 1056;

see also Molina, supra, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46. The lay testimony should be evaluated anew following remand of this matter.

   3.  <u>The ALJ erred in her review of plaintiff's testimony and credibility</u>.

The Court notes that the ALJ erred in her review of plaintiff's credibility by relying on plaintiff's activities of daily living without finding that they were transferable to a work setting or that they contradicted his other testimony (see Tr. 19). See <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007); see also <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1050 (9th Cir. 2001); <u>Fair</u>, supra, 885 F.2d at 603. The ALJ also relied on plaintiff's work history as a "significant credibility concern" without consideration of the reason in Dr. Washburn's report as to why plaintiff's work history contained gaps (see Tr. 18, 343 (plaintiff was incarcerated for about "twenty years of his life")). <u>Cf</u>. Social Security Ruling, (hereinafter "SSR"), SSR 96-7 1996 SSR LEXIS 4, at *22 ("the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment"); <u>Regennitter v. Comm'r SSA</u>, 166 F.3d 1294, 1296 (9th Cir. 1999). The ALJ should not have relied on plaintiff's gaps in work history as evidence for a lack of motivation to work without discussion of the significant probative evidence in the record suggesting that plaintiff's work history gaps resulted from incarceration.

In addition, a determination of a claimant's credibility relies on the assessment of the medical evidence. <u>See</u> 20 C.F.R. § 404.1529(c). The Court already has concluded that

the ALJ erred in her review of the medical evidence and that this matter should be reversed and remanded for further consideration as a result of the improper evaluation of the medical evidence, see supra, section 1. The Court also already has concluded that the ALJ erred in her review of the lay evidence, which provides support for plaintiff's allegations which were rejected by the ALJ. Therefore, the Court concludes that the ALJ should assess anew plaintiff's testimony and credibility following remand of this matter.

Similarly, following remand, all of the five steps of the sequential disability evaluation process should be assessed anew. Finally, the new evidence submitted to the Appeals Council should be evaluated following remand.

CONCLUSION

The ALJ erred by relying on one aspect of Dr. Washburn's opinion while failing to discuss significant probative evidence and opinions from Dr. Washburn's treatment report. The ALJ also failed to provide a germane reason for her failure to credit fully the lay opinion evidence and erred in her review of plaintiff's credibility and testimony.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C).

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 18, 2012, as noted in the caption.

Dated this 27th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge